IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 16-33058 |
| | § | |
| HAMILTON WELL SERVICE LLC | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |

EMERGENCY EX PARTE VERIFIED MOTION OF JCP LEASING, LLC FOR RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(f) AND BANKRUPTCY RULE 4001(a)(2) TO ALLOW
JCP LEASING, LLC TO REMOVE ITS EQUIPMENT

**THIS IS AN EMERGENCY EX PARTE MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST TWO DAYS BEFORE THE HEARING. IF YOU FILE YOUR RESPONSE LESS THAN 5 DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND, OR BY ELECTRONIC DELIVERY. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**MOVANT HAS REQUESTED EMERGENCY EX PARTE RELIEF UNDER 11 U.S.C. § 362(f) AND BANKRUPTCY RULE 4001(a)(2), SO NO HEARING DATE HAS BEEN SCHEDULED**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW JCP Leasing, LLC ("*JCP*"), creditor and party-in-interest in the above-referenced case, and hereby files, by and through its undersigned counsel, its motion for relief from

the automatic stay (the "*Motion*"), pursuant to section 362(f) of Title 11 of the United States Code (the "*Bankruptcy Code*"). In support thereof, JCP respectfully represents as follows:

## I. JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409. This Court has authority to grant the relief requested pursuant to sections 105(a) and 362(F) of the Bankruptcy Code.

## II. BACKGROUND

2. On June 16, 2016 (the "*Petition Date*"), Hamilton Well Service LLC ("*Debtor*") filed its petition for relief under Chapter 7 of the Bankruptcy Code.

3. Prior to the Petition Date, JCP leased certain equipment to the Debtor pursuant to a master oil service equipment lease, which was entered into in February, 2014 (the "*Equipment Lease*").[1] *See* Exhibit A.

4. Prior to the Petition Date, the Debtor was in payment default of the Equipment Lease and on April 1, 2016, JCP sent a notice of default to the Debtor that required that the Debtor cure the defaults by May 2, 2016. *See* Exhibit B. However, the Debtor was unable to cure the defaults. Accordingly, on May 6, 2016, JCP terminated the Equipment Lease and issued a repossession notice. *See* Exhibit C.

5. As of the date of the filing of this Motion, JCP owns or leases numerous rigs, vehicles, tools and other equipment (the "*Equipment*") that is located at the Debtor's yard in

---

[1] Notably, JCP is a privately owned company whose majority owner is Gerald L. Jensen, the father of the principal owner of the Debtor. Thus, while Mr. Jensen has no ownership interest in the Debtor, JCP wanted to disclose this fact to the Court so that the Court was aware of the relationship.

**EMERGENCY EX PARTE MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(f) – Page 2**

Victoria, Texas.  A full list of the Equipment that is owned or leased by JCP from non-debtor third parties is attached as <u>Exhibit D</u>.  While JCP is suffering financial damage from not having access to its own equipment, a factor making matters worse for JCP is that a significant portion of the Equipment that is currently located at the Debtor's yard is leased by JCP from M/G Finance Co., Ltd. ("**M/G**") and Toyota Industries Commercial Finance, Inc. ("*Toyota*") (*See* <u>Exhibit E</u>).  As a result of these lease agreements, JCP is in default of its leases with M/G and Toyota and M/G and Toyota have requested immediate delivery of the lease equipment.  In addition, there are significant sums that JCP owes to M/G and Toyota for equipment that it cannot utilize and is losing a tremendous amount of money as each day passes that it cannot access, utilize or return the Equipment.

6.      Due to the bankruptcy filing, JCP has been unable to repossess its Equipment.  Through counsel, JCP has reached out to the Chapter 7 Trustee seeking to remove its Equipment and the Chapter 7 Trustee indicated that he would not agree to removal of the Equipment without a motion being filed with the Court and the creditors having notice of the Motion.

### III.   RELIEF REQUESTED

7.      While JCP does not believe the automatic stay even applies because the pre-petition termination of the Lease Agreement eliminated any interest the Debtor had in the Equipment, JCP files the instant Motion out of an abundance of caution and to provide other creditors with some notice of JCP's request to access the yard and remove its Equipment.

8.      By this Motion, to the extent it is even applicable, out of an abundance of caution, JCP respectfully requests that this Court authorize *immediate* relief from the automatic stay, pursuant to Bankruptcy Code section 362(f), so that JCP can remove its equipment from the yard

previously leased by the Debtor, since the Debtor has no property interest in the Equipment owned by JCP or the Equipment that is leased by JCP from M/G and Toyota.

## IV. BASIS FOR RELIEF REQUESTED

### A. Standards for Granting Relief from the Automatic Stay.

17. Bankruptcy Code section 362(f) states:

Upon request of a party in interest, the court, with or with a hearing, shall grant relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and hearing under subsection (d) or (e) of this section.

11 U.S.C. § 362(f).

### B. JCP will Suffer Irreparable Damage/Harm if JCP is not able to Obtain the Equipment As Soon As Possible.

18. Granting relief from the automatic stay on an emergency basis, even if it needs to be done an *ex parte* basis (as authorized under Bankruptcy Rule 4001(a)(2))[2], so that JCP can remove the Equipment, is appropriate and necessary. JCP has serious and legitimate concerns that the Equipment is not being adequately secured and every day that passes JCP owes rental to its lessors for equipment it cannot access, which has very serious financial repercussions to JCP—especially since there is very little hope of any recovery from the Debtor's estate to offset these losses. Accordingly, JCP continues to suffer irreparable damages as each day passes.

19. JCP acknowledges that the relief it is seeking is highly unusual. However, the need for this relief is real and immediate and JCP cannot afford to wait the normal notice period provided under the Bankruptcy Rules and the Local Rules for the Southern District of Texas to have a hearing on this Motion. Primarily due to the financial damage it is suffering on a daily basis due to its leases of certain of the Equipment from M/G and Toyota, JCP cannot afford any significant delays and respectfully requests that this Court enter the emergency order lifting the

---

[2] In support of an order being entered on an *ex parte* basis, a representative of JCP has verified this Motion, as required under Bankruptcy Rule 4001(a)(2).

stay, with or without a hearing, as soon as possible.

WHEREFORE, JCP respectfully requests that the Court enter an order (i) granting relief from the automatic stay, to the extent it is even applicable, to allow JCP to remove its Equipment from the Debtor's yard as soon as possible; and (ii) granting JCP such other and further relief as is proper.

DATED: July 28, 2016

Respectfully submitted,

**KILMER CROSBY & WALKER PLLC**

By: */s/ Brian A. Kilmer*
Brian A. Kilmer
Texas Bar No.: 24012963
Email: bkilmer@kcw-lawfirm.com
Shannon A.S. Quadros
Texas Bar No.:24072766
Email: squadros@kcw-lawfirm.com
5100 Westheimer, 2nd Floor,
Houston, Texas 77056
Telephone: 713.588.4344
Facsimile:  214.763.6801

**COUNSEL FOR JCP LEASING, LLC**

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Gerald L. Jensen declares as follows:

I am the Managing Member of JCP Leasing LLC and have full authority to verify the facts contained in the foregoing Motion. I have read the foregoing Motion and believe that the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of July, 2016, in

*/s/ Gerald L. Jensen*
Gerald L. Jensen

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with the Chapter 7 Trustee and counsel for the Debtor regarding this Motion and neither the Chapter 7 Trustee nor the Debtor opposes the Motion.

          */s/ Brian A. Kilmer*
          Brian A. Kilmer

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on July 28, 2016 and to all parties on the attached service list by United State First Class Mail, postage prepaid. In addition, I certify that a true copy of the foregoing was served on the Chapter 7 Trustee and his counsel, counsel for the Debtor, counsel for Toyota, a representative of M/G and a representative and counsel for the landlord of Debtor's yard in Victoria, Texas, via e-mail transmission.

          */s/ Brian A. Kilmer*
          Brian A. Kilmer