IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 16-33058 |
| | § | |
| HAMILTON WELL SERVICE LLC | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |

**REPLY TO TRUSTEE'S RESPONSE TO EMERGENCY EX PARTE VERIFIED MOTION OF JCP LEASING, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(f) AND BANKRUPTCY RULE 4001(a)(2) TO ALLOW JCP LEASING, LLC TO REMOVE ITS EQUIPMENT**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW JCP Leasing, LLC ("***JCP***"), creditor and party-in-interest in the above-referenced case, and hereby files, by and through its undersigned counsel, its Reply (the "***Reply***") to the Trustee's Response to JCP's Motion for Relief from the Automatic Stay (the "***Motion***") pursuant to section 362(f) of Title 11 of the United States Code (the "***Bankruptcy Code***"). In support thereof, JCP respectfully represents as follows:

### I.    REPLY

1. JCP files this Reply to briefly respond to some of the points raised by the Trustee in his Response [Doc. No. 19].[1]

2. First, it is critical to point out that while the Trustee raises concerns about the actions of M/G in removing some of its equipment from the Pearsall yard—which is a party that

---

[1] All capitalizes terms shall have the meaning set forth in the Motion.

Page 1

is wholly unrelated to JCP[2]—the Trustee does <u>not</u> oppose JCP's Motion nor JCP's request to remove its Equipment.[3]  Indeed, it is completely undisputed that the Equipment is not the Debtor's equipment and a review of the Debtor's schedules reveal this to be true, since the Debtor's schedules indicate that it does not own or lease any equipment.  *See* <u>Exhibit A</u>.  Thus, while the Trustee may have some concerns about certain actions taken by M/G, none of those concerns impact the request in the Motion and the Motion should be granted as soon as possible so that JCP (and the other parties, Toyota and M/G) can obtain their Equipment.  If the Trustee wants to seek sanctions for alleged violations of the stay, JCP would submit that it should be filed in a separate motion (or, at the very least, a part of a separate hearing) and not become a part of the Court's hearing on the instant Motion, as it has no bearing on the undisputed right of JCP to obtain its Equipment as soon as possible.

3. Second, the Trustee's response accurately points out another reason why the Motion should be granted as soon as possible.  As noted by the Trustee, some of the Equipment is located on the Victoria yard (which was leased by the Debtor and has been locked up by the Trustee) and the landlord has already requested that JCP pay for the usage of the property, despite the fact that JCP has been unable to remove its Equipment.  Similar to the costs owed to the Toyota and M/G outlined in the Motion, every day that passes increases the potential costs that JCP might have to pay for not being able to remove its Equipment.

4. Third, the Trustee contends that JCP's pre-petition termination of the Equipment Leases may not have been valid because Brett Jensen is the managing member of JCP.  However,

---

[2] Indeed, there is no corporate affiliation between JCP and M/G.  JCP does not control M/G and has no legal right to stop M/G from removing its Equipment.  However, JCP informed M/G and Toyota about the impending Motion and encouraged them to discuss the situation with the Trustee before taking action.

[3] The Trustee also raises concerns that JCP was removing its equipment from the Debtor's Victoria yard, which JCP strenuous denies.

this is inaccurate for two reasons. First, Mr. Jerry Jenson—who signed the termination documents attached to the Motion—is currently the managing member of JCP. *See* Exhibit B. Second, the Trustee's assertion that termination of a contract requires that a managing member execute the termination document is simply not always the case. Indeed, the day-to-day business of many LLC's are delegated to officers. In sum, the termination was effective pre-petition and the Debtor clearly has no interest in the Equipment, which is accurately reflected in the Debtor's schedules.

     5.     Fourth, JCP strenuously denies that it has violated the stay by allegedly removing equipment last week from the Victoria yard or from the Pearsall Yard. To the contrary of the Trustee's allegations, the only equipment that was removed from either yard in the past couple of weeks was equipment that was removed by M/G—which ultimately was removed with the Trustee's permission before it was moved. *See* Exhibit C. In the end, JCP filed the instant Motion—despite its view that the automatic stay does not apply—after discussions with the Trustee about removing the Equipment and after the Trustee indicated that he was not opposed—as long as the estate reserved potential litigation rights and as long as JCP filed a motion to lift the stay that was approved by the Court—both of which JCP agreed to in order to get the Trustee's agreement on removal of the Equipment. If JCP intended to remove Equipment last week without a Court order, it would not have filed the instant Motion. Indeed, JCP filed the instant Motion because it wanted to remove its Equipment the right way—despite its view that the automatic stay does not apply—in accordance with the Trustee's instructions and subject to Court approval.

     WHEREFORE, JCP respectfully requests that the Court enter an order (i) granting relief from the automatic stay, to the extent it is even applicable, to allow JCP to remove its Equipment

from the Debtor's yard or yards as soon as possible; and (ii) granting JCP such other and further relief as is proper.

DATED: August 1, 2016

Respectfully submitted,

**KILMER CROSBY & WALKER PLLC**

By: */s/ Brian A. Kilmer*
Brian A. Kilmer
Texas Bar No.: 24012963
Email: bkilmer@kcw-lawfirm.com
5100 Westheimer, 2nd Floor,
Houston, Texas 77056
Telephone: 713.588.4344
Facsimile:  214.763.6801

**COUNSEL FOR JCP LEASING, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on August 1, 2016.  In addition, I certify that a true copy of the foregoing was served on the Chapter 7 Trustee and his counsel, counsel for the Debtor, counsel for Toyota, a representative of M/G and a representative and counsel for the landlord of Debtor's yard in Victoria, Texas, via e-mail transmission.

   */s/ Brian A. Kilmer*
Brian A. Kilmer