**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HAMILTON WELL SERVICE, LLC | § | CASE NO. 16-33058-H2-7 |
|    Debtor | § | (Chapter 7) |
| | § | JUDGE JONES |

## Amended Summary Objection to Claim Number 29
## of Daniel Garcia, Jr.

**This is an objection to your claim. The objecting party is asking the court to disallow the claim that you filed in this bankruptcy case. You should immediately contact to objecting party to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting party within 30 days after the objection was served on you. Your response must state why the objection is not valid. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

**TO THE HONORABLE DAVID JONES, UNITED STATES BANKRUPTCY JUDGE:**

Rodney Tow, Trustee, files this Amended Summary Objection to Claim Number 29 of Daniel Garcia, Jr. ("Garcia, Jr."), requesting that Claim Number 29 be allowed in part, reduced in part, and reclassified in part, and in support thereof would show the Court as follows:

1. On January 18, 2017, Garcia, Jr. filed Claim Number 29 as a priority claim in the amount of $96,838.67. A true and correct copy of Claim Number 29 is attached hereto as Exhibit "A".

2. Of the claimed amount $13,854.92 was claimed under 11 U.S.C. §507(a)(4) as a wage claim and vacation pay, while the remainder in the amount of $82,983.75 was claimed as a contribution to an employee benefit plan under 11 U.S.C. §507(a)(5).

3. The amount claimed under 11 U.S.C. §507(a)(4) exceeds the allowed amount by

       $1,004.92[1] and that portion of the claim should be reclassified accordingly as a general, unsecured claim. Further, the attachment to the claim clearly shows that the claim under §507(a)(5) was for medical bills incurred as a result of the Debtor's non-payment of health insurance premiums, not contributions to an employee benefit plan.

4. While the Trustee understands Garcia Jr.'s hardship in incurring these bills as a result of the Debtor failing to pay health insurance premiums, the Bankruptcy Code and applicable case law do not support a priority claim for medical bills resulting from the non-payment of health insurance premiums. Instead, case law supports a claim against the Debtor, albeit a general, unsecured claim. *In re Louis Jones Enterprises, Inc.*, 442. B.R. 126 (Bankr.N.D.Ill 2010).

5. Memorial Hermann Health Systems ("MMHS") filed Proof of Claim No. 43. The attachment thereto shows that Garcia, Jr. paid a total of $1,249.29 to MMHS on their claim. A copy of the attachment to MMHS's Claim is attached hereto as Exhibit "B".

6. On July 16, 2020, MMHS and the Trustee filed an Agreed Order on the Trustee's Objection to Claim Number 43 of MMHS. As part of the agreement, MMHS has agreed to waive and release Garcia, Jr. from all claims, demands, damages, actions, and causes of actions for the balance of the claim for medical treatment provided to Garcia, Jr. from November 11, 2014 through May 10, 2016. If the Court approves the Agreed Order, then Garcia, Jr. will no longer be liable for the majority of the medical bills contained in his proof of claim.

7. The remaining claim for medical bills equals $11,511.18 and none of these medical

---

[1] The limit in 2016 was $12,850.00.

providers filed a proof of claim in this proceeding.

8. Based upon the foregoing, the Trustee would request that Claim Number 29 be allowed as a priority claim in the amount of $12,850.00.  The Trustee would further request that the remaining claim under §507(a)(4) in the amount of $1,004.92 be reclassified and allowed as a general, unsecured claim, that the claim under §507(a)(5) be reduced to $1,249.29 - the amount Garcia, Jr. actually paid to MMHS, plus the remainder of his medical bills in the amount of $11,511.18 and be reclassified and allowed as a general, unsecured claim, for a total allowed unsecured claim in the amount of $13,765.39.

Respectfully submitted this 7th day of August, 2020.

**Cooper & Scully, P.C.**

By: */s/  Julie M. Koenig*
  Julie M. Koenig
  SBA# 14217300
  815 Walker, Suite 1040
  Houston, Texas 77002
  713/236-6800 (Telephone)
  713/236-6880 (Telecopier)
  Julie.Koenig@cooperscully.com

Attorneys for the Trustee

## Certificate of Service

      I hereby certify that a true and correct copy of the foregoing has been served on all of the parties listed below, via either ECF Notification or by certified mail, proper postage affixed, on the 7th day of August, 2020.

By: <u>/s/ *Julie M. Koenig*</u>
Julie M. Koenig

Daniel Garcia, Jr.
6310 Milam Branch Lane
Rosenberg, Texas 77471

Rodney Tow, Trustee
Via ECF Notification

U.S. Trustee
Via ECF Notification

## Affidavit

Before me, the undersigned Notary Public, personally appeared Rodney Tow, a person known to me, who on his oath deposed and stated:

"My name is Rodney Tow. I am over the age of 18 years and have personal knowledge of the facts stated herein. I am the Chapter 7 Trustee for Hamilton Well Services, LLC.

Claim Number 29 was filed by Daniel Garcia, Jr. ("Garcia, Jr.") seeking an priority claim in the amount of $96,838.67.

Of the claimed amount $13,854.92 was claimed under 11 U.S.C. §507(a)(4) as a wage claim and vacation pay, while the remainder in the amount of $82,983.75 was claimed as a contribution to an employee benefit plan under 11 U.S.C. §507(a)(5). However, the attachment to the claim clearly shows that the $82,983.75 were for medical bills incurred as a result of the Debtor's non-payment of health insurance premiums, not contributions to an employee benefit plan. Further, the wage/vacation claim exceeded the maximum amount allowed under 11 U.S.C. §507(a)(4) by $1,004.92.

While I understand Garcia, Jr.'s hardship in incurring the medical bills as a result of the Debtor failing to pay health insurance premiums, the Bankruptcy Code and applicable case law do not support a priority claim for medical bills resulting from the non-payment of health insurance premiums. Instead, case law supports a claim against the Debtor, albeit a general, unsecured claim. *In re Louis Jones Enterprises, Inc.*, 442. B.R. 126 (Bankr.N.D.Ill 2010).

Memorial Hermann Health Systems ("MMHS") filed Proof of Claim No. 43. The attachment thereto shows that Garcia, Jr. paid a total of $1,249.29 to MMHS on their

claim. A copy of the attachment to MMHS's Claim is attached hereto as Exhibit "B".

On July 16, 2020, MMHS and the Trustee filed an Agreed Order on the Trustee's Objection to Claim Number 43 of MMHS. As part of the agreement, MMHS has agreed to waive and release Garcia, Jr. from all claims, demands, damages, actions, and causes of actions for the balance of the claim for medical treatment provided to Garcia, Jr. from November 11, 2014 through May 10, 2016. If the Court approves the Agreed Order, then Garcia, Jr. will no longer be liable for the majority of the medical bills contained in his proof of claim.

The remaining claim for medical bills equals $11,511.18 and none of these medical providers filed a proof of claim in this proceeding.

Based upon the foregoing, the Trustee would request that Claim Number 29 be allowed as a priority claim in the amount of $12,850.00. The Trustee would further request that the remaining claim under §507(a)(4) in the amount of $1,004.92 be reclassified and allowed as a general, unsecured claim, and that the claim under §507(a)(5) be reduced to $1,249.29 - the amount Garcia, Jr. actually paid to MMHS, plus the remainder of his medical bills in the amount of $11,511.18 be reclassified and allowed as a general, unsecured claim, for a total allowed unsecured claim in the amount of $13,765.39.

By: /s/ Rodney Tow
Rodney Tow, Trustee

Sworn and subscribed before me on this 6th day of ~~July,~~ August, 2020.

*Julia E. Warren*
Notary Public
My commission expires:

Julia E. Warren
My Commission Expires
08/29/2023
ID No. 124658977
NOTARY PUBLIC STATE OF TEXAS